Matthew E. Lewitz (SBN 325379)
mlewitz@cozen.com
COZEN O'CONNOR, P.C.
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Tel.: 213-892-7937; Fax: 213-892-7999

Paul K. Leary, Jr. (PA Bar No. 85402)
(to seek admission *pro hac vice*)
pleary@cozen.com
COZEN O'CONNOR, P.C.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: 215-665-2000; Fax: 215-665-2013

Chad E. Kurtz (DC Bar No. 1016934)
(to seek admission *pro hac vice*)
ckurtz@cozen.com
COZEN O'CONNOR, P.C.
1200 19th Street, NW, Suite 300
Washington, DC 20036
Tel.: 202-463-2521; Fax: 202-640-5939

*Attorneys for Defendant,
Marriott International, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD HALL and GEORGE ABDELSAYED, individually and in the interests of the public,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendant. | Case No. **'23CV1764 WQHMSB**<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Marriott International, Inc. ("Marriott") removes this action from the Superior Court of California, County of San Diego ("State Court") to the U.S. District Court for the

1
DEFENDANT'S NOTICE OF REMOVAL

Southern District of California ("Federal Court"). In support thereof, Marriott states as follows:

## I. THE STATE COURT ACTION

1. In 2019, plaintiff Todd Hall ("Mr. Hall") filed a class action against Marriott in the Federal Court, captioned *Hall v. Marriott Int'l, Inc.*, No. 3:19-cv-01715-JO-AHG, which remains pending before Judge Jinsook Ohta ("*Hall I*"). Plaintiff George Abdelsayed ("Mr. Abdelsayed") (Mr. Hall and Mr. Abdelsayed are collectively "Plaintiffs") later joined that lawsuit as a plaintiff.

2. On March 30, 2023, Judge Ohta issued a summary judgment ruling in *Hall I* that, *inter alia*, dismissed—due to the lack of Article III standing—the Plaintiffs' request for injunctive relief as pertaining to their theory that Marriott's website allegedly inadequately discloses resort fees:

> The Court finds that Plaintiffs do not have standing to seek injunctive relief because they do not face a real threat of being deceived about Marriott's resort fees in the future. Here, as detailed more fully below, Plaintiffs' only surviving theory of liability is that Marriott did not disclose resort fees clearly enough. … [E]ven if Plaintiffs' belief that no resort fee existed was reasonable at the time of their purchases, they now know that resort fees were included and know precisely where to look to find Marriott's resort fee disclosures. … [T]hey therefore are not likely to be deceived or wronged again in the same way. The Court therefore finds that Plaintiffs lack standing to seek injunctive relief.

*Hall v. Marriott International, Inc.*, 344 F.R.D. 247, *8 (S.D. Cal. 2023).

3. Following that ruling, on July 13, 2023, Plaintiffs commenced this instant action in the State Court seeking injunctive relief related to the disclosure of resort fees on Marriott's website ("*Hall II*"). The Complaint is attached as part of Exhibit A.

4. On August 24, 2023, Plaintiffs filed a First Amended Complaint in *Hall II* that added claims unrelated to Marriott's disclosure of resort fees, which for the first time in this action gave rise to a basis for removal. The First Amended Complaint is attached as part of Exhibit A.

## II.  DIVERSITY JURISDICTION EXISTS

5. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States." § 1332(a)(1).

6. Mr. Hall and Mr. Abdelsayed reside in, and thus are citizens of, California. (Ex. A, First Am. Compl., ¶¶ 21-22).

7. Marriott is a Delaware corporation and maintains its principal place of business in Maryland, and thus is a citizen of Delaware and Maryland.

8. Plaintiffs and Marriott thus are "citizens of different States."

9. The amount in controversy exceeds $75,000 due to (i) Marriott's cost to comply with the requested injunctions; and (ii) the requested statutory legal fees.

10. The anticipated cost to comply with an injunction counts toward the amount in controversy. *Gonzales v. CarMax Auto Superstores, Ltd. Liab. Co.*, 840 F.3d 644, 649 (9th Cir. 2016). Plaintiffs seek three types of injunctions: to have Marriott (i) revise its website; (ii) conduct a corrective advertising campaign; and (iii) identify, locate, and notify "each victim of its misconduct" since September 9, 2019.

11. Legal fees recoverable under statutes also count toward the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

## III. REMOVAL JURISDICTION

12. This action is properly removed pursuant to §§ 1441 and 1446.

13. Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14. Pursuant to § 1441(a), removal to this Federal Court is proper because it embraces the State Court where this action was pending before removal.

15. Pursuant to § 1446(a), Marriott attaches as Exhibit A copies of "all process, pleadings, and orders served" on Marriott in this action.

16. Pursuant to § 1446(b), Marriott timely removed this case. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading … from which it may first be ascertained that the case is one which is or has become removable." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1181–82 (9th Cir. 2015) (quoting § 1446(b)(3)).

17. This action was not removable based on the original Complaint, but it became removable through the Amended Complaint.

18. Because Plaintiffs served the First Amended Complaint on August 24, 2023, the 30-day deadline for removal is Saturday, September 23, which, under Federal Rule of Civil Procedure 6(a)(1)(C), is extended to Monday, September 25. Marriott thus timely filed this Notice of Removal.

19. Pursuant to § 1446(d), on September 25, 2023, a Notice of Filing of Notice of Removal was served on Plaintiffs and filed with the Clerk of the State Court. (Ex. B).

WHEREFORE, Marriott respectfully requests that the above action pending against it in the State Court be removed to the Federal Court.[1]

Dated: September 25, 2023          Respectfully submitted,

                                   COZEN O'CONNOR

                                   By: /s/ Matthew E. Lewitz
                                   Matthew E. Lewitz (SBN 325379)
                                   Attorneys for Defendant,
                                   Marriott International, Inc.

---

[1] Marriott reserves the right to remove under the Class Action Fairness Act to the extent this lawsuit for public injunctive relief is intended to be a class action or later converted to a class action. *See* § 1332(d).

# **CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Cozen O'Connor, 401 Wilshire Boulevard, Suite 850, Santa Monica, CA 90401.

On September 25, 2023, I served the following document: **DEFENDANT'S NOTICE OF REMOVAL** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Ronald A. Marron, Esq.<br>ron@consumersadvocates.com<br>Lilach Halperin, Esq.<br>lilach@consumersadvocates.com<br>Law Offices of Ronald A. Marron<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Telephone: 619-696-9006<br>Facsimile: 619-564-6665 | Counsel for Plaintiff |
| Robert L. Teel, Esq.<br>lawoffice@rlteel.com<br>Law Office of Robert L. Teel<br>1425 Broadway, Mail Code: 20-6690<br>Seattle, WA 98122<br>Telephone: 866-833-5529<br>Facsimile: 855-609-6911 | Counsel for Plaintiff |
| L. Timothy Fisher, Esq.<br>ltfisher@bursor.com<br>Bursor & Fisher, P.A.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: 925-300-4455<br>Facsimile: 925-407-2700 | Counsel for Plaintiff |

**BY U.S. MAIL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Cozen O'Connor for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal

Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Santa Monica, California.

**BY ELECTRONIC MAIL**: By sending a portable document format (pdf) copy of the documents to email addresses: ron@consumersadvocates.com; lawoffice@rlteel.com; ltfisher@bursor.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 25, 2023, at Santa Monica, California.

*/s/ Nancy Bator*
**NANCY BATOR**