**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006
Fax: (619) 564-6665

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
1990 North California Blvd., Ste. 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Tel: (866) 833-5529
Fax: (855) 609-6911

***Counsel for Plaintiffs***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HALL and GEORGE ABDELSAYED individually for the benefit of the general public, <br><br> *Plaintiffs*, <br><br> v. <br><br> MARRIOTT INTERNATIONAL, INC., a Delaware corporation, <br><br> *Defendant*. | Case No. 3:23-cv-01764-JO-AHG <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND** <br><br> Date: December 6, 2023 <br> Time: 9:00 a.m. <br> Court: 4C <br> Judge: Hon. Jinsook Ohta <br><br> **Per chambers – no oral argument unless requested by the Court** |

## **TABLE OF CONTENTS**

I.   INTRODUCTION TO THE ISSUE AND RULE ..............................................1

II.   BACKGROUND...................................................................................2

III.   ANALYSIS.........................................................................................3

A.   Removal Requires Article III Standing And Equitable Jurisdiction. ..........4

B.   There Is No Equitable Jurisdiction In This Case.......................................4

C.   There Can Be No Article III Standing in Public Injunction Cases. ............6

D.   This Court Has No Jurisdiction To Address Merits Issues. .....................10

E.   Defendant Is Equitably Estopped From Removing The State Case..........11

F.   Other Defects In The Removal. ..............................................................14

1.   The Notice of Removal Was Untimely Under 28 U.S.C. 1446. ..........14

2.   The Court Lacked Original Jurisdiction At The Time of Removal.......17

IV.   CONCLUSION..................................................................................18

# TABLE OF AUTHORITIES

## Cases

*Allen v. Wright*,
 468 U.S. 737 (1984). ..................................................................................4

*Andino v. Apple, Inc.*,
 No. 2:20-cv-01628, 2021 WL 1549667 (E.D. Cal. Apr. 20, 2021) ......................5

*Arias v. Residence Inn by Marriott*,
 936 F.3d 920 (9th Cir. 2019)...................................................................16

*ASARCO Inc. v. Kadish*,
 490 U.S. 605 (1989) ...............................................................................11

*Baughman v. Walt Disney World Co.*,
 685 F.3d 1131(9th Cir. 2012)............................................................13, 14

*Blair v. Rent-A-Ctr., Inc.*,
 928 F.3d 819 (9th Cir. 2019)......................................................................8

*Bow v. Cebridge Telecom CA, LLC*,
 No. 2:21-cv-00444-TLN-JDP, 2022 WL 313905 (E.D. Cal. Feb. 1, 2022) ........10

*Broughton v. Cigna Healthplans*,
 21 Cal. 4th 1066 (1999)....................................................................7, 9, 10

*Chapman v. Powermatic, Inc.*,
 969 F.2d 160 (5th Cir. 1992)....................................................................15

*Corral v. Select Portfolio Servicing, Inc.*,
 878 F.3d 770 (9th Cir. 2017)......................................................................2

*Cruz v. PacifiCare Health Systems, Inc.*,
 30 Cal.4th 303 (Cal. 2003) ...................................................................9, 10

*Davidson v. Kimberly-Clark Corp.*,
 889 F.3d 956 (9th Cir. 2018).............................................................1, 7, 10

*Duncan v. Stuetzle*,
 76 F.3d 1480 (9th Cir. 1996). .....................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

*Durham v. Lockheed Martin Corp.*,

    445 F.3d 1247 (9th Cir. 2006)..................................................................16

*Ethridge v. Harbor House Restaurant*,

    861 F.3d 1389 (9th Cir. 1988)....................................................................3

*Gaus v. Miles*,

    980 F.2d 564 (9th Cir. 1992).................................................3, 12, 14, 17

*Gonzales v. CarMax Auto Superstores, Ltd. Liab. Co.*,

    840 F.3d 644 (9th Cir. 2016)....................................................................16

*Grubb v. Public Util. Comm'n of Ohio*,

    281 U.S. 470 (1930) ................................................................................11

*Guzman v. Polaris Industries Inc.*,

    49 F.4th 1308 (9th Cir. 2022).........................................................4, 6, 17

*Hall v. Marriott Int'l, Inc.*,

    344 F.R.D. 247 (S.D. Cal. Mar. 30, 2023) ...........................................2, 6

*Harris v. Bankers Life and Cas. Co.*,

    425 F.3d 689 (9th Cir. 2005).........................................................15, 16, 17

*Harris v. Provident Life and Accident Ins. Co.*,

    26 F.3d 930 (9th Cir.1994).........................................................................3

*Hodges v. Comcast Cable Commc'ns*,

    21 F.4th 535 (9th Cir. 2021)....................................................................10

*Hunter v. Philip Morris USA*,

    583 F.3d 1039 (9th Cir. 2009)............................................................12, 17

*In re Vioxx Class Cases*,

    180 Cal. App. 4th 116 (2009)..................................................................17

*Kilgore v. KeyBank, Nat' Ass'n*,

    673 F.3d 947 (9th Cir. 2012).....................................................................9

*Kryzhanovskiy v. Amazon.com Servs., Inc.*,

    No. 22-1292, 2022 WL 2345677 (E.D. Cal. June 29, 2022) ...................5

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
  707 F.3d 1136 (9th Cir. 2013). ..............................................................17

*Linton v. Axcess Fin. Servs.*,
  No. 23-cv-01832-CRB, 2023 WL 4297568 (N.D. Cal. June 30, 2023) ..........7, 10

*Lovern v. General Motors Corp.*,
  121 F.3d 160 (4th Cir. 1997)..................................................................15

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992). ...................................................................1, 4, 11

*Magana v. DoorDash, Inc.*,
  343 F.Supp.3d 891 (N.D. Cal. 2018)........................................................8

*McGill v. Citibank, N.A.*,
  2 Cal. 5th 945 (2017)........................................................................7, 8

*McGill v. Citibank, N.A.*,
  232 Cal.App.4th 753 (Cal. Ct. App. 2014) .................................................9

*McGovern v. U.S. Bank N.A.*,
  362 F. Supp. 3d 850 (S.D. Cal. 2019) ........................................1, 6, 7, 8

*Moore-Thomas v. Alaska Airlines, Inc.*,
  553 F.3d 1241 (9th Cir. 2009)..................................................................1

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) ............................................................................12

*Payne v. Hook*,
  74 U.S. 425 (1868) ..............................................................................18

*Polo v. Innoventions Int'l, LLC*,
  833 F.3d 1193 (9th Cir. 2016)..............................................................1, 11

*Rice v. Kimberly-Clark Corp.*,
  No. 2:21-cv-01519-DAD-KJN, 2022 WL 16804522 (E.D. Cal. Nov. 7, 2022)....5

*Schlesinger v. Councilman*,
  420 U.S. 738 (1975) ..............................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

*Shamrock Oil & Gas Corp. v. Sheets*,

   313 U.S. 100 (1941) ...................................................................................3

*Siglin v. Sixt Rent A Car, LLC*,

   No. 20-cv-503-DMS (BLM), 2020 WL 3468220 (S.D. Cal. June 25, 2020). .....11

*Sonner v. Premier Nutrition Corp.*,

   971 F.3d 834 (9th Cir. 2020)...............................................................4, 5, 6, 18

*Spokeo, Inc. v. Robins*,

   578 U.S. 330, 338 (2016) ...........................................................................7

*Teresa Adams v. Cole Haan, LLC*,

   No. 20-913, 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ...................................5

*Turnier v. Bed Bath & Beyond Inc.*,

   3:21-cv-1008-L-MSB, 2021 WL 4209473 (S.D. Cal. July 16, 2021). .................2

*Turrey v. Vervent, Inc.*,

   No. 20-CV-00697-DMS-AHG, 2023 WL 6390620 (S.D. Cal. Sep. 29, 2023).....6

*United States v. Ibrahim*,

   522 F.3d 1003 (9th Cir. 2008).................................................................12, 14

*United States v. Kama*,

   394 F.3d 1236 (9th Cir. 2005). ...................................................................4

*Whitmore v. Arkansas*,

   495 U.S. 149 (1990) ................................................................................13

*Zeiger v. WellPet LLC*,

   526 F. Supp. 3d 652 (N.D. Cal. 2021) ..........................................................5

**Statutes**

28 U.S.C. § 1332 ....................................................................................3, 15

28 U.S.C. § 1441 ..........................................................................3, 11, 15, 17

28 U.S.C. § 1446..................................................................................... passim

28 U.S.C. § 1447(c) .........................................................................11, 12, 14

28 U.S.C. § 1738....................................................................................11

U.S. Const. Art. III, § 2, Clause 1 ............................................................... 11

**Rules**

Fed. R. Civ. P. 11 ....................................................................................... 19

Fed. R. Civ. P. 12(b)(1) ............................................................................. 13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

Plaintiffs Todd Hall and George Abdelsayed ("Plaintiffs") ask the Court to remand this action to Judge Timothy Taylor and the San Diego Superior Court. Removal of this case was improper because, without limitation, this Court has no subject matter jurisdiction and it already dismissed *without prejudice* Plaintiffs' claims for injunctive relief for lack of standing and lack of equitable jurisdiction.

## I.  INTRODUCTION

The primary issue presented in this motion is whether Plaintiffs have Article III standing to pursue, and the Court has subject matter jurisdiction to consider, the public injunctive relief requested in this case.  The rule in the Southern District of California under these circumstances is that Article III standing and equitable jurisdiction are both required for removal.  A plaintiff cannot have constitutional standing in federal court to seek, and a federal court cannot have subject matter jurisdiction to consider, a request for public injunctive relief. *McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 859 (S.D. Cal. 2019).

A threshold concern for all federal courts is the presence, or absence, of constitutional standing and jurisdiction. The standing requirement, as governed by Article III of the Constitution, permits federal courts to adjudicate only cases or controversies. A case or controversy must comprise an actual injury to the plaintiff that can be redressed. *See Lujan v. Defs. of Wildlife,* 504 U.S. 555, 559 (1992). Subject matter jurisdiction does not exist in the absence of constitutional standing.

"[A] removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)..." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.8 (9th Cir. 2018) ("as a general rule, if the district court is confronted with an Article III standing problem in a removed case – whether the claims at issue are state or federal – the proper course is to remand for adjudication in state court.").  Doubts should be resolved in favor of remand.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d

770, 773 (9th Cir. 2017);  *Turnier v. Bed Bath & Beyond Inc.*, 3:21-cv-1008-L-MSB, 2021 WL 4209473, at *1 (S.D. Cal. July 16, 2021).

## II. BACKGROUND

On March 30, 2023, this Court granted in part Defendant Marriott International, Inc.'s ("Defendant") motion for summary judgment in the related case of *Hall, et al v. Marriott International, Inc*., Southern District of California, Case No. 3:19-cv-01715-JO-AHG (the "Fed. Case").  *See generally* Fed. Case Dkt. Nos. 180, 188.  As a result, Plaintiffs' claims in the Fed. Case for equitable and injunctive relief were dismissed *without prejudice* due to a lack of Article III standing and a lack of equitable jurisdiction.  *See, e.g.,* Fed. Case Dkt. No. 180 at 9:9-11; 10:17-18; 11:2-3; 11:17-24; 12:14-18.  Plaintiffs' remaining claims in the Fed. Case are for damages under the CLRA.  Fed. Case Dkt. No. 180 at 12:19-20.  As this Court articulated the rule in the Southern District,

> "[W]here 'monetary damages provide[] an adequate remedy,' a federal court may not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief. *See Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 75–76; *see also, e.g.*, *Feitelberg v. Credit Suisse First Bos.*, LLC, 134 Cal. App. 4th 997, 1009 (2005) (noting that restitution and injunctive relief are equitable in nature). Moreover, certain claims—such as the UCL, the FAL, and unjust enrichment—only provide for equitable relief and thus, are impermissible where adequate money damages are available.  *See Guzman*, 49 F.4th at 1313 ("[T]he UCL provides only for equitable remedies."); *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) (same as to the FAL); *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (same as to unjust enrichment)."

Fed. Case Dkt. No. 180 at 11:6-22.

Following the Court's dismissal *without prejudice* of their equitable and injunctive relief claims, Plaintiffs filed the instant action in San Diego County Superior Court on July 13, 2023 requesting equitable and injunctive relief (the "State Case").  *See generally* State Case Complaint, Dkt. No. 1-2 at 1-28.    After

telephonically meeting and conferring with Marriott's counsel on or about August 17, 2023, Plaintiffs filed a first amended complaint (the "FAC") in the State Case a week later on August 24, 2023 seeking *public injunctive relief* in connection with what Plaintiffs allege is Defendant's continuing unfair, anti-competitive, and false advertising business practices. *See generally* FAC at 29-79.

On September 25, 2023, Defendant removed the State Case to federal court under 28 U.S.C. §§ 1332, 1441, and 1446 stating that the FAC "for the first time gave rise to a basis for removal." Dkt. No. 1 at ¶ 4. Defendant further stated, "[t]his [State Case] action was not removable based on the original Complaint, but it became removable through the Amended Complaint." Dkt. No. 1 at ¶ 17. Defendant did not offer any reason or explanation in its removal filing as to why the original complaint was not removable on the same diversity jurisdiction grounds as the FAC.

## III.  THE COURT SHOULD GRANT PLANTIFFS' REMAND MOTION

Defendant, as the party who invokes federal removal jurisdiction, has the burden of demonstrating the existence of federal jurisdiction. *Gaus v. Miles, Inc*. 980 F.2d 564, 566 (9th Cir. 1992); *see also Ethridge v. Harbor House Restaurant*, 861 F.3d 1389, 1393 (9th Cir. 1988). This is a heavy burden because the removal statute is strictly construed, and any doubt is to be resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

> Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941), the statute is strictly construed, *id*. at 108–09, 61 S.Ct. at 872, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992) (citation omitted). [The Defendant] . . . has the burden of establishing that removal was proper. *Harris v. Provident Life and Accident Ins. Co*., 26 F.3d 930, 932 (9th Cir.1994) (quotations and citations omitted).

*Id*.

### A. Removal Requires Article III Standing And Equitable Jurisdiction

Even if the parties are entirely diverse and the amount in controversy exceeds $75,000, and even if a court were to have equitable jurisdiction over a claim for injunctive relief, a plaintiff must also have Article III standing for the court to have subject matter jurisdiction. Equitable jurisdiction is distinct from subject matter (diversity) jurisdiction, although both are required for a federal court to hear the merits of an equitable claim. In addition, subject matter (diversity) jurisdiction does not exist in the absence of constitutional standing. ". . . [T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Lujan,* 504 U.S. at 606, citing *Allen v. Wright*, 468 U.S. 737, 752 (1984).

### B. There Is No Equitable Jurisdiction In This Case

Under the Ninth Circuit's 2020 decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), plaintiffs cannot recover equitable relief in a federal court sitting in diversity when there is an adequate legal remedy. In *Sonner*, that meant that the plaintiff could not proceed with California Unfair Competition Law (UCL) and Consumer Legal Remedies Act (CLRA) claims for restitution because her CLRA claim for damages provided an adequate legal remedy, even though she had voluntarily dismissed her damages claim.

Two years later in 2022 the Ninth Circuit confirmed that equitable jurisdiction is separate from subject matter (diversity) jurisdiction. *See Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022). Even when a court has subject matter jurisdiction, "[t]here remains the question of equitable jurisdiction" before "the District Court properly [can] reach the merits." *Id.* at 1314, citing *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975) and *United States v. Kama*, 394 F.3d 1236, 1237 (9th Cir. 2005). "Because the district court lacked equitable jurisdiction over [the] UCL claim, it could not, and did not, make a merits determination as to liability," which makes the decision binding on other federal courts "but not on

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

courts outside the federal system." *Id*.  In this case, the Court has already ruled it lacks equitable jurisdiction over Plaintiffs equitable relief claims and as a result the State Case was filed in a court "outside the federal system."

In *Sonner*, the Ninth Circuit affirmed a district court's order dismissing a plaintiff's claim for restitution for past harm because the plaintiff failed to demonstrate she lacked an adequate legal remedy. *Sonner,* 971 F.3d at 845.  A split then arose in the Ninth Circuit district courts regarding the applicability of *Sonner* to injunctive relief actions after the Ninth Circuit explicitly noted "[i]njunctive relief is not at issue." *Id.* at 842.

"Since *Sonner*, Ninth Circuit district courts have split on whether the decision applies to injunctive relief claims. *See Kryzhanovskiy v. Amazon.com Servs., Inc.*, No. 22-1292, 2022 WL 2345677, at *4 (E.D. Cal. June 29, 2022) (noting split in authority); *compare Teresa Adams v. Cole Haan, LLC*, No. 20-913, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) (finding no "exception for injunctions as opposed to other forms of equitable relief" with *Andino v. Apple, Inc.*, No. 2:20-cv-01628, 2021 WL 1549667, at *5  (E.D. Cal. Apr. 20, 2021) ("The Court however agrees with Plaintiff that *Sonner* does not warrant dismissal of his request for injunctive relief."); *Rice v. Kimberly-Clark Corp.*, No. 2:21-cv-01519-DAD-KJN, 2022 WL 16804522, at *6 (E.D. Cal. Nov. 7, 2022); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) (discussing differences in roles of monetary and injunctive relief).

But it has now become clear that in the Southern District there is no equitable jurisdiction for injunctive relief claims under the CLRA, UCL, and FAL where the Plaintiff has an adequate remedy in the form of monetary damages.  Just last month in the case of *Turrey v. Vervent, Inc.*, No. 20-CV-00697-DMS-AHG, 2023 WL 6390620 (S.D. Cal. Sep. 29, 2023) Chief Judge Dana Sabraw cited to this Court's ruling in the Fed. Case (Dkt. No. 180) to reconfirm and articulate the rule in the Southern District.

"Although "[e]quitable jurisdiction is distinct from subject matter jurisdiction ... both are required for a federal court to hear the merits of an equitable claim." *Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022). "***Where monetary damages provide an adequate remedy, a federal court may not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief.***" *Hall v. Marriott Int'l, Inc.*, ___ F.R.D. ___, No. 19CV1715-JO-AHG, 2023 WL 4417265, at *5 (S.D. Cal. Mar. 30, 2023) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020)). Because the "UCL provides only for equitable remedies," *Guzman*, 49 F.4th at 1313, these remedies are not available when a plaintiff has an adequate legal remedy. *Id.* at 1312 (stating "[w]e held that under this federal inadequate-remedy-at-law principle, if the plaintiffs had an adequate legal remedy under the CLRA, they could not also maintain equitable claims under the UCL and CLRA in federal court.") (citing *Sonner*, 971 F.3d at 844). Thus, "Plaintiffs bear the burden to establish they lack an adequate damages remedy before they can obtain equitable relief." *Hall*, 2023 WL 4417265, at *5."

*Turrey*, 2023 WL 6390620, at *5 (S.D. Cal. Sep. 29, 2023) (***emphasis added***).

## C.    There Can Be No Article III Standing in Public Injunction Cases

"Because public injunctive relief does not redress *the plaintiff's* injury, individuals lack the Article III standing required to seek such relief in federal court." *McGovern,* 362 F. Supp. 3d at 858.   "[A] plaintiff cannot have constitutional standing to seek public injunctive relief under the UCL" *Id.* at 859.  In this case, both equitable jurisdiction and Article III standing are required for removal of the State Case.[1]

Accordingly, even if the Court did have equitable jurisdiction over Plaintiffs'

---

[1] Even if this were not a *public injunction* case, this Court has already ruled Plaintiffs lack Article III standing because they now know and are aware of Marriott's allegedly unlawful advertising and business practice and can find out the true cost of a stay and the amenities included therewith.  Accordingly, there is no future risk the Plaintiffs will be misled by Defendant's false advertising and unfair and unlawful business practices complained of in the State Case and therefore they still lack Article III standing.

prior injunctive relief claim, Defendant's removal is improper because *both* equitable jurisdiction and Article III standing are required for the Court to have subject matter (diversity) jurisdiction.  As the Northern District put it, "[a]lthough the Court retains equitable jurisdiction over [plaintiff's] claim for injunctive relief, [plaintiff] must also have Article III standing to bring her claim for injunctive relief in federal court." *Linton v. Axcess Fin. Servs*., No. 23-cv-01832-CRB, 2023 WL 4297568, at *3 (N.D. Cal. June 30, 2023), citing *Davidson v. Kimberly-Clark Corp.,* 889 F.3d 956, 967 (9th Cir. 2018).

In 2017 the California Supreme Court held that under the UCL, a private plaintiff who has suffered injury in fact and has lost money or property as a result of a violation of the UCL can file a lawsuit on her own behalf that "seeks, as one of the requested remedies, injunctive relief 'the primary purpose and effect of' which is 'to prohibit and enjoin conduct that is injurious to the general public.'" *McGill v. Citibank*, *N.A*., 2 Cal. 5th 945, 959 (2017) (citing *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1077 (1999)).  "Public injunctive relief 'is for the benefit of the general public rather than the party bringing the action.'" *McGovern,* 362 F. Supp. 3d at 857.

"Based on the definition provided by the California Supreme Court [of public injunctive relief as forth in *McGill*], a claim for 'public injunctive relief' cannot satisfy the three elements of Article III standing." *Id*. at 858.  Article III standing requires "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016).  With public injunctive relief, "[t]he problem lies with the third element - redressability." *McGovern*, 362 F. Supp. 3d at 858. "The evident purpose of such relief . . . is not to resolve a private dispute, but to remedy a public wrong." *Magana v. DoorDash, Inc.*, 343 F.Supp.3d 891, 900-901 (N.D. Cal. 2018), citing *McGill*, 2 Cal. 5th at 961. Because such relief does not remedy a

plaintiff's individual injury, the injury would not be redressed and thus there would be no Article III standing. *McGovern*, 362 F. Supp. 3d at 858.

"At issue here is whether Plaintiffs' requested relief meets the definition of 'public injunctive relief' or whether the relief sought is for private injunctive relief. One key difference between a private and public injunction is the primary beneficiary of the relief. Private injunctions 'resolve a private dispute' between the parties and 'rectify individual wrongs,' though they may benefit the general public incidentally. *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 824 (9th Cir. 2019). In contrast, public injunctions, as noted, benefit "the public directly by the elimination of deceptive practices, but do not otherwise benefit the plaintiff, who has already been injured, allegedly, by such practices and [is] aware of them. *Id*., quoting *McGill*, 2 Cal. 5th at 955.

Plaintiffs in the State Case request an order:

(a) declaring that Defendant's advertising and business practices as described in the FAC have violated, and will continue to violate California law;

(b) awarding preliminary and permanent public injunctive relief as permitted by law or in equity prohibiting and enjoining Marriott from engaging in the unfair, unlawful, and deceptive business practices and false advertising set forth in the FAC and as is otherwise necessary to protect the interests of California consumers and the public;

(c) directing and compelling Defendant to locate and identify, with Court supervision, each victim of its misconduct since September 9, 2019 and provide them with sufficient information and notice that they have been exposed to the unlawful and unfair false advertising and other business practices set forth in the FAC so they may seek and obtain any refund they are entitled to receive from applicable governmental authorities of monies improperly collected by Marriott as taxes and assessments which exceeded the amounts actually owed;

(d) compelling Marriott to conduct a corrective advertising campaign; and

(e) awarding attorneys' fees and costs, including without limitation under Cal. Code Civ. Proc. § 1021.5 and California's private attorney general

8

equitable doctrine. *See* Dkt. No. 1-2, Art. VII, "Prayer for Relief" at pp. 48-49, subparts (a)-(e).

Plaintiffs' request that Defendant be enjoined from engaging in its unfair and unlawful business and advertising practices, conduct a corrective advertising campaign, and provide notice of Defendant's unfair and unlawful business practice of overcharging for certain taxes and assessments are requests for public injunctive relief. *Broughton v. Cigna Healthplans of California*, 21 Cal.4th 1066 (1999) (finding relief to stop deceptive methods, acts, and practices "generally benefit" the public "directly by the elimination of deceptive practices" and "will . . . not benefit" the plaintiff "directly," because they have "already been injured, allegedly, by such practices and [is] aware of them") superseded by statute as noted in *McGill v. Citibank, N.A.*, 232 Cal.App.4th 753 (Cal. Ct. App. 2014) which was reversed on other grounds; *see also Cruz v. PacifiCare Health Systems, Inc.*, 30 Cal.4th 303, 315 (Cal. 2003) (determining an injunction under the UCL or the false advertising law against deceptive advertising practices "is clearly for the benefit of . . . the general public" and "is designed to prevent further harm to the public at large rather than to redress or prevent injury to a plaintiff) overruled on other grounds in *Kilgore v. KeyBank, Nat' Ass'n*, 673 F.3d 947 (9th Cir. 2012).

The injunctive relief and equitable remedies sought in the State Case are ones that correct the discrepancy between Defendant's advertised prices for a stay and amenities at a Marriott branded hotel and the actual price Marriott knows it will charge the consumer. *See, e.g.*, FAC, Dkt. No. 1-2 at 31:28; 33:14; 35:12; 38:2; 44:28. Plaintiffs' underlying request is clear in asking that the San Diego Superior Court put an end to Marriott's deceptive practices, *to wit*: "[Defendant's] false advertising and unfair business practices described herein have been continuing unabated for years and the Court should *put a stop to it* immediately." Dkt. No. 1-2 at 53:17-18 (*emphasis added*).

If Plaintiffs were requesting behavioral changes only for their own hotel stay

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

bookings or only for the benefit of past customers, that would not amount to public injunctive relief.  *See Hodges v. Comcast Cable Commc'ns,* 21 F.4th 535 (9th Cir. 2021) (determining claims seeking benefits only for "cable subscribers" and not the public did not constitute public injunctive relief).   Instead, the gravamen of the State Case is that Marriott's allegedly unfair and unlawful business practices are a fraud on and harm the entire marketplace, not just Plaintiffs or even just Marriott customers.  *See, e.g.,* FAC Dkt. No. 1-2 at 37:7, 12; 38:16; 61:25-26; 62:1, 5, 15-19; 66:26.

    Here, Plaintiffs' requests for relief aim to end Defendant's deceptive advertising and "force Marriott to clearly, exactly, and conspicuously advertise to the public the true price of a stay in its hotel rooms with included amenities in a manner that does not bait consumers, does not use false bargain advertising, is transparent, does not obfuscate the true price, ***and is not deceptive, misleading, or false, and harmful and injurious to consumers and the market***."  *See, e.g.,* FAC at 32:5 (***emphasis added***).

    This is precisely the type of relief sought in cases such as *Broughton*, *Cruz,* and *Bow v. Cebridge Telecom CA, LLC,* No. 2:21-cv-00444-TLN-JDP, 2022 WL 313905 (E.D. Cal. Feb. 1, 2022) where the courts found that the relief sought was a public injunction.  Because Plaintiffs similarly seek public injunctive relief, there is no redressability in this Court.  Accordingly, this action must be remanded to state court for further proceedings.[2]

### D.   This Court Has No Jurisdiction To Address Merits Issues

    It is inappropriate for a court to comment or rule on the merits of any issue outside the limits of its jurisdiction. *See* U.S. Const. Art. III, § 2, Clause 1; *Lujan,*

---

[2] "'As a general rule, if the district court is confronted with an Article III standing problem in a removed case-whether the claims at issue are state or federal-the proper course is to remand for adjudication in state court.'" *Linton v. Axcess Fin. Servs.*, 2023 WL 4297568, at *3, citing *Davidson*, 889 F.3d at 970 n.6.

504 U.S. at 560. Accordingly, the rule in the Southern District is when the Court lacks subject matter jurisdiction it cannot address any merits issues, including without limitation claim splitting, statutes of limitation, or *res judicata*. *Siglin v. Sixt Rent A Car, LLC*, No. 20-cv-503-DMS (BLM), 2020 WL 3468220, at *3 (S.D. Cal. June 25, 2020). In this case, because there is no Article III standing, all the Court has the power to do is remand for lack of subject matter jurisdiction and determine the appropriateness of an award of attorneys' fees. 28 U.S.C. § 1447(c); *Polo,* 833 F.3d at 1196. Without jurisdiction, the Court cannot address any merits issues or arguments (*e.g.*, claim splitting). *Siglin,* 2020 WL 3468220, at *3*.

If Defendant wishes to raise merits arguments such as a claim splitting, statutes of limitations, or *res judicata*, it must do so in San Diego Superior Court where that court may decide the issues by evaluating its own interpretations of state and federal standing requirements, merits arguments, and applicable law (*e.g.*, the applicability of California's primary rights doctrine). *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989), citing 28 U.S.C. § 1738; *Grubb v. Public Util. Comm'n of Ohio*, 281 U.S. 470 (1930) ("Although the state courts are not bound to adhere to federal standing requirements, they possess the authority . . . to render binding judicial decisions that rest on their own interpretations of federal law."). Because there is a lack of Article III standing, this Court simply has no authority to determine any merits issues for lack of subject matter jurisdiction. *Siglin,* 2020 WL 3468220, at *3*.

### E.    Defendant Is Equitably Estopped From Removing The State Case

A defendant may remove a civil action filed in state court to federal court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper…'" *Hunter v. Philip Morris USA*, 583 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992)). A plaintiff, however,

may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

In addition to a lack of subject matter jurisdiction, the doctrine of judicial estoppel supports this Court's remand of the State Case back to state court. Judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). The purpose of judicial estoppel is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire,* 532 U.S. at 749-750.

In determining whether to apply this doctrine, the Court must consider: (1) whether a party's later position is "clearly inconsistent" with its earlier position; (2) whether the party successfully persuaded a court to accept its earlier position; and (3) whether allowing the party's inconsistent position will allow the party to "derive an unfair advantage or impose an unfair detriment on the opposing party." *Ibrahim*, 522 F.3d at 1009. Here, all three factors are met and weigh in favor of remanding the case to state court on grounds of equitable estoppel in addition to lack of subject matter jurisdiction.

First, the Defendant's position in the Fed. Case is "clearly inconsistent" with removing the State Case to federal court. In the Fed. Case, Defendant sought to dismiss Plaintiffs' claims for injunctive relief arguing that Plaintiffs lacked Article III standing because they failed to allege a likelihood of continuing or future injury. *See, e.g*., Defendant's Motion to Dismiss, Fed. Case Dkt. No. 11-1 at 11:13-16; 29; Article III, Section G. "Plaintiffs ***Injunctive Relief Claims Should Be Dismissed*** Pursuant to Fed. R. Civ. P. 12(b)(1) ***For Lack of Standing***. (***emphasis***

*added*).[3]

Despite prevailing on its Article III standing arguments in the Fed. Case, Defendant now seeks to remove this case to federal court despite arguing and acknowledging in the Fed. Case that a plaintiff must have Article III standing for a federal court to have jurisdiction. *Id.*; *see also Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990) ("It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite [Article III] standing to sue."). The Ninth Circuit has explained that "all that's needed to satisfy this [first] factor" is that "the [party] pressed a claim in the earlier lawsuit[] that is inconsistent with the position [the party is] taking in our case." *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012).

Second, this Court was successfully persuaded by Defendant's earlier position. Indeed, in accordance with Defendant's affirmative defenses, motion to dismiss, and motion for summary adjudication, the Court dismissed Plaintiffs' claims for equitable and injunctive relief *without prejudice* ruling they had no Article III standing and that the Court lacked equitable jurisdiction. Fed. Case Dkt. No. 180 at 11:6-22. Thus, the second factor is met and weighs in favor of applying judicial estoppel.

Third, allowing Defendant to put forth its facially inconsistent position here would constitute an unfair advantage as articulated by Ninth Circuit case law. In *Baughman*, the court found an unfair advantage existed when a party's

---

[3] "Here, Plaintiff's allegations illustrate that Plaintiff either does not intend to purchase a hotel room from Marriott again, or that Plaintiff will not rely on any alleged misrepresentations because Plaintiff now clearly knows from the allegations in the Complaint where the information for all resort fees can be located. Therefore, Plaintiff cannot be allegedly harmed again because he can no longer allege that he is not aware of the resort fees. As such, Plaintiff has no standing to bring injunctive relief, and therefore any request for such relief fails." Fed. Case Dkt. No. 11-1 at 32:7-14.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

inconsistent statement would make her claim "significantly stronger." *Baughman*, 685 F.3d at 1134. Here, allowing the Defendant to remove the case to federal court would not only make its claims "significantly stronger," it would allow it to seek an outright dismissal of the public injunctive relief claim for lack of Article III standing and equitable jurisdiction rather than litigating the claim on the merits (or it would require the Court to dismiss the case *sua sponte* for the same reason thereby creating the nonsensical potential for a never ending mobius loop[4] of dismissal, refiling in a court outside the federal system, followed by yet another removal). This case presents a much stronger case than *Baughman* for finding an inconsistent position would create an unfair advantage.

Each of the *Ibrahim* factors supports applying judicial estoppel here to prevent Defendant from removing the case and attempting to re-litigate the equitable and injunctive relief claims in federal court. Considering the strong presumption against removal jurisdiction, the Court should find this case appropriate to remand to state court on grounds of equitable estoppel.

### F.   Other Defects In The Removal

Following removal, a plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

#### 1.   *The Notice of Removal Was Untimely Under 28 U.S.C. 1446.*

Plaintiffs originally filed the State Case on July 13, 2023 seeking equitable and injunctive relief in connection with the Fed. Case claims dismissed by the Court.

---

[4] In mathematics a mobius strip or loop is a single-sided surface with no boundaries which when traversed after two loops leaves the traveler dizzy and back at the beginning of where he or she started. Serena Alagappan, January 16, 2021, "The Timeless Journey of the Mobius Strip", Scientific American. Last viewed October 16, 2023. https://www.scientificamerican.com/article/the-timeless-journey-of-the-moebius-strip/

*See generally* State Case complaint, Dkt. No. 1-2 at 2-28.   Plaintiffs' counsel telephonically met with Marriott's counsel on or about August 17, 2023 and discussed (1) amendments to the State Case complaint, and (2) whether Defendant intended to remove the State Case to federal court.

Plaintiffs filed the FAC in the State Case one week later on August 24, 2023 seeking *public injunctive relief* in connection with Defendant's continuing unfair, anti-competitive, and false advertising business practices.   *See generally* FAC, Dkt. No. 1-2 at 29-79.  On September 25, 2023, over 60 days after the original complaint was filed, Defendant removed the State Case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 stating that the First Amended Complaint "for the first time gave rise to a basis for removal."   Dkt. No. 1, at ¶ 4.

Defendant further stated, "[t]his [State Case] action was not removable based on the original Complaint, but it became removable through the Amended Complaint." Dkt. No. 1 at ¶ 17.  Defendant does not explain how or why the original complaint was not removable, or how or why it suddenly became removable through the FAC.

Under 28 U.S.C. § 1446, the thirty-day period [for removal] . . . starts to run from defendant's receipt of the initial pleading when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction.   *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005) citing *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992) and *Lovern v. General Motors Corp.,* 121 F.3d 160, 162 (4th Cir. 1997) ("[W]e will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.").

Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "an amended pleading, motion, order or other

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

paper from which it can be ascertained from the face of the document that removal is proper." *Id.* at 693, quoting 28 U.S.C. § 1446(b).  In this case Defendant does not explain how or why the initial pleading on its face was not removable, but does admit that the cost to comply with the requested injunctions and the potential amount of the requested statutory legal fees is the basis for its argument that the amount in controversy exceeds $75,000. *See* Dkt. No. 1 at ¶¶ 9-10:

> 9.     The amount in controversy exceeds $75,000 due to (i) Marriott's cost to comply with the requested injunctions; and (ii) the requested statutory legal fees.

> 10.    The anticipated cost to comply with an injunction counts toward the amount in controversy. *Gonzales v. CarMax Auto Superstores, Ltd. Liab. Co.*, 840 F.3d 644, 649 (9th Cir. 2016). Plaintiffs seek three types of injunctions: to have Marriott (i) revise its website; (ii) conduct a corrective advertising campaign; and (iii) identify, locate, and notify "each victim of its misconduct" since September 9, 2019.

> 10.    Legal fees recoverable under statutes also count toward the amount in controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

Under 28 U.S.C. § 1446(b), there can be "two thirty-day windows during which a case may be removed during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." *Harris*, 425 F.3d at 692.  The clock starts when a party reveals facts that give notice of possible federal subject matter jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

To determine whether a party had notice that a case was removable, courts look at "the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694.  While

defendants "need not make extrapolations or engage in guesswork," they are required "to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

The requested legal fees and costs to comply with the requested injunctive relief do not materially differ between the original complaint and the FAC. Plaintiffs do not disagree with Marriott that the requested statutory legal fees will exceed $75,000 under both the original complaint and FAC. In addition, Plaintiffs do not disagree that the cost for Marriott to comply with the injunctive relief requested under both the original complaint and FAC could exceed $75,000. Defendant has not explained, however (nor can it) how the original complaint failed to put it on notice of the facts supporting diversity jurisdiction while the FAC purportedly did.

The notice of removal is untimely under 28 U.S.C. § 1446 and the Court should remand the State Case to San Diego Superior Court on these grounds.

      2.   *The Court Lacked Original Jurisdiction At The Time of Removal*.

A defendant may remove a civil action filed in state court to federal court *so long as* the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 583 F.3d 1039, 1042 (9th Circ. 2009) (quoting *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992)).

The UCL and FAL provides only for equitable remedies. *Guzman,* 49 F.4th at 1313-1314 ("[T]he UCL provides only for equitable remedies."); *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) (same as to the FAL). To entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy. *Sonner,* 971 F.3d at 843-844; *see also Payne v. Hook*, 74 U.S. 425, 430 (1868) ("The absence of a complete and adequate remedy at law, is the only test of

equity jurisdiction ....").  As set forth above and as ruled on by this Court, in the Southern District, where monetary damages provide an adequate remedy, a federal court may not consider the merits of equitable claims for restitution, disgorgement, or *injunctive relief*.

Marriott knew when it removed the State Case that this Court had already ruled Plaintiffs' claim for monetary damages provided an adequate remedy, and as a result that this Court could not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief.  Fed. Case Dkt. No. 180 at 11:6-22. In fact, the Court's ruling granted in part Defendant's own request to dismiss Plaintiffs' equitable and injunctive relief claims on those grounds in accordance with Defendant's 12th, 15th, 16th, and 30th affirmative defenses.  Fed. Case Dkt. No. 92 at 24 and 26.

Defendant knew when it removed this case that the Court had already ruled in its favor and dismissed Plaintiffs' claims for injunctive relief because they lacked Article III standing and there was no equitable jurisdiction.  Unwilling to take yes for an answer, Defendant removed the State Case knowing the Court has no jurisdiction.  The State Case must be remanded.

## IV.  CONCLUSION

For the reasons set forth above, this Court lacks removal jurisdiction over this action.  The State Case has always sought injunctive relief exclusively under state law.  This Court has already ruled (1) Plaintiffs lack Article III standing to proceed with their injunctive relief claims, and (2) it lacks equitable jurisdiction over those claims.  There can be no subject matter (diversity) jurisdiction without Article III standing.  Further, the FAC is for *public injunctive relief* for which there can never be subject matter jurisdiction in federal court.

It was evident from the facts pled in the original complaint on July 13, 2023 that notwithstanding the lack of Article III standing and equitable jurisdiction, the parties were diverse and that the amount in controversy exceeded $75,000.

Defendant was on notice of those facts which are the basis for its removal on grounds of diversity jurisdiction on or before August 25, 2023 (the 30th day after service of the original complaint) and therefore the September 25, 2023 removal is untimely.

This Court warned the parties and their counsel to be mindful of their respective legal positions, the applicable law, and their ethical obligations regarding removal and the legal basis for their respective arguments at the risk of Fed. R. Civ. Proc. 11 sanctions.  The parties have engaged in good faith extensive written and verbal meet and confer discussions on both sides. Plaintiffs have twice requested in writing that Defendant stipulate to remand, however Defendant has declined to so stipulate necessitating this motion.

Plaintiffs respectfully request this Court remand the State Case to San Diego Superior Court and, if it deems appropriate, schedule a hearing to determine whether Plaintiffs should be awarded their fees and costs incurred with Defendant's attempted removal of this action.

DATED: October 25, 2023            Respectfully Submitted,

                                   */s/ Ronald A. Marron*
                                   Ronald A. Marron

                                   **LAW OFFICES OF RONALD A. MARRON**
                                   Ronald A. Marron
                                   *ron@consumersadvocates.com*
                                   Lilach Halperin
                                   *lilach@consumersadvocates.com*
                                   651 Arroyo Drive
                                   San Diego, CA 92103
                                   Telephone: (619) 696-9006
                                   Facsimile: (619) 564-6665

                                   **BURSOR & FISHER, P.A.**
                                   L Timothy Fisher (State Bar No. 191626)
                                   *ltfisher@bursor.com*
                                   1990 North California Blvd., Suite 940
                                   Walnut Creek, CA 94596

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG

1

2

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

3

4

5

6

7

8

9

Robert Teel
*lawoffice@rlteel.com*
**LAW OFFICE OF ROBERT L. TEEL**
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone: (866) 833-5529
Facsimile: (855) 609-6911
***Attorneys for Plaintiffs***

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR REMAND
CASE NO.: 3:23-CV-01764-JO-AHG